961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Allan BAMBRICK, Defendant-Appellant.
 No. 91-1413.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.[1]
 
 
 2
 Defendant Allan Bambrick appeals the denial of his motion pursuant to 28 U.S.C. § 2255 by which he challenged the court's imposition of twenty-four months imprisonment for violation of the conditions of his supervised release. Defendant sought reversal for resentencing.
 
 
 3
 Defendant pleaded guilty to assault of his probation officer, a violation of 18 U.S.C. § 111 that was not separately charged, but treated as a Grade B violation of defendant's supervised release.
 
 
 4
 The policy statement in U.S.S.G. § 7B1.4 prescribed an eight to fourteen month sentencing range for violation of the supervised release. The maximum sentence permitted by statute was two years imprisonment. See 18 U.S.C. § 3583(e)(3). The district court sentenced defendant to twenty-four months, on the basis that the guideline range set out in the policy statement is not binding on the court, and that the total of defendant's conduct warranted the twenty-four month maximum.
 
 
 5
 The court correctly observed that the policy statement in U.S.S.G. § 7B1.4 is not binding in the sense that a sentencing guideline binds the court. See United States v. Lee, No. 91-6079, slip op. at 7 (10th Cir. Feb. 19, 1992) (chapter 7 policy statements regarding supervised release are advisory).
 
 
 6
 Defendant's principal challenge is that the government, in responding to the court's question at sentencing, misrepresented the guidelines that would have been applicable had the assault been charged as a separate crime; and but for that misrepresentation the sentence might have been less. The representation was that the guideline range would have been thirty-three to sixty-three months imprisonment. Although we calculate a possible guideline range of thirty to seventy-eight months, the government's representation was not significantly different. We agree with the government that the representation was not inaccurate. The facts concerning the assault on the probation officer were not disputed by defendant. Defendant's probation officer saw defendant in a convenience store and attempted to talk to defendant, who had not been reporting to the officer properly. When defendant left the store and got into his car, the officer followed him and asked for identification. II R.Supp. 12-14. With the door of his car open defendant shifted into reverse, caught and dragged the probation officer for a short distance before defendant reshifted to a forward gear and accelerated to escape from the officer. A car is considered a deadly weapon under these circumstances. See U.S.S.G. § 1B1.1, comment. (n. 1(d)) (" 'Dangerous weapon' means an instrument capable of inflicting death or serious bodily injury."). Assault with a deadly weapon, considering defendant's criminal history, would justify the guideline reported to the court. See U.S.S.G. § 2A2.2(a) (assault); U.S.S.G. § 2A2.2(b)(2)(B) (dangerous weapon); U.S.S.G. § 2A2.2(b)(3)(A) (adjustment for bodily injury); U.S.S.G. § 3A1.2 (official victim). We do not agree that a case relied upon by defendant, Carter v. United States, 231 F.2d 232 (5th Cir.), cert. denied, 351 U.S. 984 (1956), requires a contrary result.
 
 
 7
 AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant's motion for oral argument pro se is denied. Defendant's motion to file an amended appellate brief is granted